[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial attorney, Michael Ruben Peck, was ineffective in that he caused him to lose 60 days jail time and 20 days good time by delaying his sentencing.
The evidence presented by the petitioner conflicted in some parts with that presented by Mr. Peck. That which is consistent is that Mr. Peck represented the petitioner on or before March 1, 1993 and was to be paid for such services by Deputy Sheriff Thomas McNeary for whom the petitioner previously worked. Mr. Peck was never paid the agreed fees in full. It was the petitioner's contention that the representation was to be on his Hartford cases, the principal one, a violation of probation which had an outstanding sentence of 10 years. His desire was to have a current sentence on all of those of 10 years and to be made concurrent to his Manchester sentence which became 7 years, then making a total effective sentence of 10 years. Atty. Todd Edgington represented him on the Manchester case. The petitioner testified that he was sentenced in Manchester on March 8, 1993 and that Mr. Peck requested two continuances on the Hartford matters because he had not been paid resulting in the loss of served time on the Hartford sentence of 60 days resulting in the claimed loss of credit.
Mr. Peck testified that he was to represent the petitioner to effect the sentences to be served currently with the Hartford sentence to be the length of the effective sentence. He knew the Manchester prosecutor wanted the Manchester sentence to be served consecutively. He also knew that there were other outstanding charges and his desire was to consolidate them in Hartford, except for the federal charge and it was for this purpose, not the failure of payment of fee, which resulted in the continuances. He also wanted to avoid doing anything which would upset the federal authorities on the charge there. He was also aware of a newspaper article which had described the petitioner as a snitch on drug dealings which he believed would jeopardize him unless the prison authorities were alerted to have him in CT Page 1311 protective custody. The petitioner denies that he ever retained Peck to represent him on the Rocky Hill cases nor to get him protective custody. At his sentencing in Hartford, it is obvious that Peck attempted to make a package of the various State charges for a total effective sentence of 10 years and protective custody. See Petitioner's Exhibit 1. From the transcript of this sentencing on May 7, 1993 it is likewise obvious the petitioner did not want his Rocky Hill cases disposed of by pleas since his plea was not guilty and they were returned for trial. However he, at the same time, did not refuse the request for protective custody. Obviously from the original pleading in this case, the petitioner received a concurrent sentence of 10 years on the state charges. From hindsight, it was possible for the petitioner to have been sentenced in Hartford earlier. But this court on the record before it cannot fault counsel for the continuances to make sure that all charges would be under the umbrella sentence of 10 years on the violation of probation.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357.
For the above reasons the court denies the petition.
Corrigan, Judge Trial Referee